IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN ALLEN NUTT                                                                       PLAINTIFF

       v.                            Civil No. 14-6032

LYNN BENEDICT, Retired,Trooper,
Arkansas State Police; JIMMY O.
THOMAS, Trooper, Arkansas State
Police; JANA BRADFORD, Deputy
Prosecuting Attorney; BRYAN CHESSHIR,
Prosecuting Attorney; and CLAY JANSKE,
Attorney                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *in forma pauperis* and *pro se.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the Complaint, on September 11, 2011, Plaintiff was arrested and charged with the second degree murder of Christopher Palmer. Palmer died of a stab wound in his leg inflicted by the Plaintiff. Among the officials at the scene were Troopers Lynn Benedict and Jimmy O. Thomas of the Arkansas State Police.

The first officer on the scene was Officer Shona Jordan. When she entered the house, she found a man, later identified as Christopher Palmer, lying in a pool of blood and another

-1-

man, later identified as the Plaintiff, beside him holding pressure on the wound. Plaintiff admitted to stabbing Palmer.

Trooper Benedict took the lead in the investigation having Plaintiff sign a Miranda rights form and a permission to search form. Troopers Benedict and Thomas interviewed the Plaintiff. During the interview, Plaintiff maintains Trooper Benedict exhibited bias when he took the word of eyewitnesses over that of the Plaintiff.

Plaintiff maintains the witness statements prove he acted in self-defense or committed manslaughter at best. However, due to the bias of Trooper Benedict, Plaintiff states he was charged with second degree murder.

Plaintiff maintains Trooper Benedict had a conflict of interest and should not have been involved in the investigation of the case. Specifically, Plaintiff asserts that Trooper Benedict was married to Cathy Palmer who was the second or third cousin of the victim. Plaintiff maintains Trooper Benedict knowingly concealed this fact.

Plaintiff asserts that Trooper Thomas was aware of the conflict and failed to intervene. In fact, Trooper Thomas was present during the interview of the Plaintiff but played only a minimal role in the questioning.

With respect to the prosecuting attorneys, Plaintiff maintains they engaged in misconduct when they knowingly used false or misleading evidence, biased accounts of the events, and otherwise used evidence they knew to be tainted or biased in the prosecution of the Plaintiff. With respect to Clay Janske, his attorney, Plaintiff maintains he failed to properly investigate the facts and people involved and failed to find the conflict of interest.

AO72A
(Rev. 8/82)

Plaintiff maintains Trooper Benedict's conduct violated Plaintiff's rights to remain free from cruel and unusual punishment as well as denied him due process and a fair trial. As relief, Plaintiff seeks an award of compensatory and punitive damages as well as injunctive and declaratory relief.

Plaintiff is currently incarcerated in the Arkansas Department of Correction. He is serving a sentence of 360 months on the second degree murder conviction.

**2. Discussion**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal. First, the claims against Prosecuting Attorney Bryan Chesshir and Deputy Prosecuting Attorney Jana Bradford are subject to dismissal. The prosecuting attorneys are immune from suit. The United States Supreme Court, in Imbler v.

Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorneys are entitled to absolute immunity. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that absolute immunity insulates prosecutors from declaratory or injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here.

Second, the claims against Clay Janske are subject to dismissal. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). Neither private attorneys nor public defenders act under color of state law while representing criminal defendants. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); DuBose, 187 F.3d at 1002-03 (Private attorneys do

not act under color of law and are not subject to suit under § 1983); Dunn v. Hackworth, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim").

Third, the Plaintiff may not pursue claims against Trooper Benedict or Trooper Thomas based on alleged false statements or testimony. Witnesses at criminal proceedings are entitled to absolute immunity. Briscoe v. LaHue, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Finally, any remaining claims against Trooper Benedict or Trooper Thomas based on the Plaintiff's arrest and his criminal prosecution, are not presently cognizable. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id., at 486-87.

Plaintiff's claims call into question several aspects of the investigation and criminal prosecution against him. Clearly, these claims cannot proceed at this time.

### 3. Conclusion

For the reasons set forth above, I recommend that this case be dismissed as all claims asserted are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable in a civil rights action. See 28

AO72A
(Rev. 8/82)

U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January, 2015.

                                          /s/ *Mark E. Ford*
                                          HON. MARK E. FORD
                                          UNITED STATES MAGISTRATE JUDGE

-6-

AO72A
(Rev. 8/82)